### In re Guillermo A. MORALES, Debtor.

### No. 07–16284–BKC–RBR.

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Jan. 2, 2008.

Order Denying Rehearing Feb. 11, 2008.

---

1. The sum of $6,853.00 consists of a cash advance of $6,000.00 on February 27, 2007 and a charge of $853.00 on February 22, 2007.

Efrain Cortes, Ft. Lauderdale, FL, for Debtor.

Robert F. Reynolds, Ft. Lauderdale, FL, for trustee.

### ORDER GRANTING TRUSTEE'S MOTION

RAYMOND B. RAY, Bankruptcy Judge.

THIS MATTER came before the Court on November 27, 2007, upon the *Trustee's Objection to Debtor's Claimed Exemptions.* [DE # 24]. The Court has carefully reviewed the entire case file, all of the pleadings and submissions filed by the parties, and considered the arguments of counsel. The Court will sustain the objection for the reasons that follow.

The facts of this case are contained within the Debtor's schedules. The Debtor filed for Chapter 7 relief on August 8, 2007. He listed one piece of real property, located in Coral Springs Florida, on Schedule A. [D.E. 1]. He listed the value as $150,000.00 and the total secured claims

against the home as $150,629.00. [D.E. 1]. These secured claims are in the form of two mortgages. The real property is not listed as exempt on Schedule C. [D.E. 1]. On Schedule C the Debtor lists personal property exemptions totaling $4090.00. Of the listed exemptions $3090.00 is claimed exempt pursuant to Fla. Stat. § 222.25(4).[D.E. 1].

The Debtor's original statement of intention shows that the mortgages on the real property are to be reaffirmed. On October 15, 2007 the Debtor filed an amended statement of intention where he now seeks to surrender the property to the larger of the two mortgage holders. [D.E. 20]. Interestingly, on the amended statement of intention the Debtor still seeks to reaffirm the smaller of the two mortgages. [D.E. 20].

The Trustee has objected to the Debtors claim of exemption of personal property pursuant to Fla. Stat. § 222.25(4). The statute reads:

The following property is exempt from attachment, garnishment or other legal process: (4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under *s. 4, Art. X of the State Constitution.* This exemption does not apply to a debt owed for child support or spousal support.

The issue before the Court is meaning of the phrase "receive the benefits of a homestead exemption ..." The Trustee submits that the Debtor is ineligible for this personal property exemption because by owning a homestead the Debtor receives the benefits of the homestead exemption. In essence the Trustee would not permit a Debtor to "opt-out" of the homestead exemption and claim a larger personal property exemption.

The Debtor contends that he has abandoned his interest in the real property and as such, he is not receiving any benefits from it. Therefore he claims, he is entitled to the larger personal property exemption of Fla. Stat. § 222.25(4), because he has not claimed the homestead exemption and due to the abandonment he is not receiving the benefits of the exemption.

The Court has conducted extensive research into the new statute and there are handful of cases that mention it. However, not a single one provides any meaningful guidance for this situation. Accordingly, the Court must conduct its own statutory analysis.

■ It is fundamental that the analysis of a statute must begin with the language of the statute itself and "absent a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *Bread PAC v. Fed. Election Comm.*, 455 U.S. 577, 580, 102 S.Ct. 1235, 71 L.Ed.2d 432 (1982). A striking feature of the language of the statute is that it is written in the present tense. Therefore, the fact that a debtor may have claimed or received the benefits of a homestead exemption in the past would appear to have no bearing on the application of the statute to a debtor's present situation. Thus, if the debtor had in the past received the benefit of the homestead exemption he could still qualify for the larger personal property exemption provided, he ceased to receive such benefits and he did not claim it as exempt.

It is undisputed that in this case the Debtor has not claimed his homestead exemption. It is less clear whether he has derived any benefit from the exemption. The Trustee argues that the owner of a homestead automatically receives benefits from that homestead exemption, whether or not he makes any use of them. As an example the Trustee notes that prior to bankruptcy no creditor could levy on the homestead after obtaining a judgment because of the homestead exemption. [D.E.24]. Of course this would render every current homestead owner ineligible for the larger personal property exemption. The Court notes that this result may very well be what the legislature intended.

■ The Debtor responds that by his abandonment of the homestead property he is no longer receiving any benefit of the exemption. He correctly points out that according to longstanding Florida law "[a]bandonment of the homestead is one way that the protection of the homestead exemption may be lost." *In re Beebe*, 224 B.R. 817, 820 (Bankr.N.D.Fla.1998); *Teasdale v. Frederick (In re Frederick)*, 183 B.R. 968, 971 (Bankr.M.D.Fla.1995). The Debtor contends that he has abandoned the real property by his amended statement of intentions. While this argument may have some merit, the facts of the case at hand do not support it. Firstly, the Debtor did not abandon the property at the start of the case. In fact he clearly appeared to want to reaffirm the mortgages and retain the real property. It was only later on that he changed his mind.

More importantly, the Debtor has failed to clearly signal his intentions with respect to the homestead. Upon examination of the amended statement of intentions [D.E. 20] the Debtor has indicated that he will only surrender the property to one of the two mortgage holders. He indicates that he intends to reaffirm the debt owed to the other mortgage holder. This selection is clearly incompatible.

■ In order for a Debtor to successfully abandon real property the Debtor "must state an intention to abandon the property and have an intent of not returning to the property." *In re Beebe*, 224 B.R. at 820. Counsel's arguments to the contrary not-

withstanding. The Debtor has failed to clearly indicate what his intentions are with respect to the property. Accordingly, the Court cannot conclude that he has abandoned it.

■ In the opinion of this Court if a debtor properly abandons his entire interest in his homestead at the start of a case and does not claim his homestead exemption then he would be entitled to claim the larger personal property exemptions. Alternatively, the Court might even consider it permissible for a Debtor to amend his schedules and to simultaneously increase his personal property exemption and at the same time abandon all interest in his homestead. However, neither of these scenarios are before the Court.

In this case the Debtor has from the date of the petition intended to reaffirm at least one mortgages. Further for many months the Debtor intended to reaffirm both mortgages and at the same time claimed the larger personal exemption. These contradictory actions are incompatible with the statute (Fla.Stat. § 222.25(4)).

■ The intent of the statute appears to be to give a debtor who lacks homestead protections some extra personal exemptions. *See Proposed Amendment to Personal Property Exemption Statute Fla. Stat. § 222.25*, Bankruptcy/ UCC Comm. Business and Law Section, Florida Bar (August 6, 2006). The purpose of these extra exemptions is to give a person who lacks a homestead a minimal amount of property from which to restart their lives. This legislative history supports the Court's reading of the statute, that absent proper abandonment of the homestead the Debtor is ineligible for the new and expanded personal property exemption. Based on the foregoing, it is,

**ORDERED** that the *Trustee's Objection to Debtor's Claimed Exemptions.* [DE # 24] is **SUSTAINED.**

## ORDER DENYING MOTION FOR REHEARING

THIS MATTER came before the Court on January 29, 2008, upon the Debtor's Motion for Rehearing. [DE # 40]. The Court has carefully reviewed the entire case file, applicable law, and considered the arguments of counsel. The Court will deny the motion for the reasons that follow.

The Debtor has filed three statements of intention in this case. The first ("Statement # 1") was filed with the petition [D.E. 1]. The date of filing was August 8, 2007. It clearly indicates that the Debtor intended to reaffirm both debts secured by the real property.

On October 15, 2007 the Debtor filed the second statement of intention ("Statement # 2"). Thereafter, based on Statement # 2 and applicable case law, the Court entered the Order Granting Trustee's Objection to Debtor Claim of Exemption ("Exemption Order") [D.E.36]. Statement # 2, as was noted in the Exemption Order, still reaffirmed one of the two debts secured by the real property. Based on this fact, the Court was unable to conclude that the Debtor had clearly indicated his intention to abandon the real property. [D.E. 36].

On January 8, 2008 two days before filing the Motion to Rehear the Debtor filed his third statement of intention ("Statement # 3"). [D.E. 38]. This document shows that the Debtor intends to surrender the real property to both of the creditors. No debt is marked as being reaffirmed.

The Debtor makes two arguments for the Court to reconsider the ruling in favor

of the Trustee in the Exemption Order [D.E. 36]. First, the Debtor suggests that in order to abandon the homestead he need only fail "to claim the homestead as exempt and surrender the same to the secured creditors or the bankruptcy estate." [D.E. 40]. Second, that he timely amended his statement of intention because Statement # 3 "relates back to the date of the original petition ..." [D.E.40].

Turning to the Debtor's first argument. He suggests that he is entitled to the increased personal property exemption as long as he did not claim the homestead as exempt and is willing to surrender the property to the secured creditors.

■ Recently, Judge Williamson ruled that when a debtor does not list his home as exempt on schedule C and elects to surrender the property then the debtor may claim the increased personal property exemption. *In re Gatto*, 380 B.R. 88 (Bankr.M.D.Fla.2007). In *Gatto* the court specifically noted that the debtors had not claimed the property as exempt and "timely stated an intention to surrender their home pursuant to Bankruptcy Code section 521(a)(2)(A)." *Id.* Therefore to claim the increased personal property exemption a debtor must: (1) not claim the property as exempt and (2) timely state an intention to surrender. The failure of either one of these conditions will prevent a debtor from claiming the expanded personal property exemption.

The Debtor in this case has failed to meet the second requirement. He has not timely stated an intention to surrender the property. Pursuant to 11 U.S.C. 521(a)(2)(A) the debtor must file a statement of intention "within thirty days after the date of the filing of a petition ... or on or before the date of the meeting of credi-

tors, whichever is earlier ..." In this case the petition was filed on August 8, 2007. Thirty days from that date would be September 7, 2007. The meeting of creditors was held on September 12, 2007. Thus, the statement of intention had to be filed no later then September 7, 2007. Only Statement # 1 was timely filed and it stated an intention to reaffirm the debt not surrender the property. Therefore at the time of the filing of the petition the Debtor had not met the second requirement to claim the increased personal property exemption. As such, he was not entitled to claim the increased personal property exemption.

The Debtor's second argument is equally unavailing. He suggests that his multiple amendments have cured the problem posed by Statement # 1. However, the amendments are untimely pursuant to the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code.

An amendment to a statement of intention is governed by FED. BANKR.R.P. 1009(b). The Debtor cannot rely on the more liberal provision in FED. BANKR.R.P. 1009(a). *In re Woodward*, 265 B.R. 179, 186 (Bankr.S.D.Iowa 2001)(noting that Rule 1009(a) "does not apply to a statement of intention. As indicated in the Advisory Committee Note for 1987, subdivision (b) of the Rule is specific and controls amendments to such statements."). Rule 1009(b) states: "The statement of intention may be amended by the debtor at any time before the expiration of the period provided in § 521(a) of the Code. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby." [1]

The question then becomes which date in 11 U.S.C. § 521(a) is the operative dead-

---

**1.** This rule was amended shortly after the 2005 amendments to the bankruptcy code.

The only change was in the statutory section. It became § 521(a), instead of § 521(2)(B).

line to file a statement of intention. This question was faced in *In re Kidwell*, 2007 WL 2934866 (Bankr.E.D.Tenn.2007). There the Court was dealing with a debtor's intention regarding a car. *Id.* at *1. The Court noted that there are three time periods within § 521(a). *Id.* at *2. The first is the earlier of either 30 days from the date of the petition or the date of the meeting of creditors. 11 U.S.C. § 521(a)(2)(A). The second is 30 days after the meeting of creditors. 11 U.S.C. § 521(a)(2)(B). The third is 45 days after the meeting of creditors. 11 U.S.C. § 521(a)(6). It is unclear which of these three time periods is controlling. The *Kidwell* court determined that if the statement of intention was amended within any one of the three periods then it would considered timely. *Id.* at *2.

The three deadlines in this case work out as follows. The § 521(a)(2)(A) deadline was Friday, September 7, 2007. The § 521(a)(2)(B) deadline was Friday, October 12, 2007. The § 521(a)(6) deadline was Monday October 28, 2007.

Turning to each of the statements of intention filed in this case. Statement # 1 was timely. Statement # 2, filed on October 15, is timely only if the § 521(a)(6) deadline is applicable. Statement # 3, filed on January 8, 2008, is untimely under all of the deadlines. The Court does not need to address whether the deadline of § 521(a)(6) is applicable to a statement of intention dealing solely with real property; because Statement # 2 did not effectively surrender the real property.

The only manner for the Debtor to prevail is for Statement # 3 to be considered a timely amendment. It is unequivocal that Statement # 3 falls outside of any of the three possible time periods; as such, it is not timely and cannot be considered.

To be clear, a debtor may claim the higher personal property exemption provided the debtor: (1) does not claim the property as exempt; and (2) properly and timely files a statement of intention showing a clear and unambiguous intention to surrender the property. Furthermore, any amendment to the statement of intention must comport with FED. R. BANKR.P. 1009(b).

Based on the foregoing it is,

**ORDERED** that the Debtor's Motion for Rehearing [D.E. 40] is **DENIED.**