**In re Todd A. GUIDIDAS, Debtor(s).**

**No. 9:08–bk–01238–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 7, 2008.

Richard V. Ellis, Hausburg & Ellis, PA, Sarasota, FL, for Debtor.

Diane L. Jensen, Fort Myers, FL, Trustee.

***ORDER GRANTING MOTION FOR TURNOVER AND OVERRULING AS MOOT TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION***

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in the Chapter 7 case of Todd A. Guididas

(Debtor), is a Motion for Turnover (Doc. No. 30) and Trustee's Objection to Claim of Exemption (Doc. No. 49), filed by Diane L. Jensen (Trustee).

The basis for the turnover is a claim filed by the Trustee that the Debtor exceeds the statutory cap available to a debtor under the statute which governs the amount which could be claimed as exempt from administration. In addition, the Trustee filed her Objection to the Debtor's Amended Claim of Exemption in which she challenged all the property listed by the Debtor on his Amended Schedule C.

At the duly scheduled hearing on the Motion for Turnover and the Objections to Claim of Exemption the Trustee and counsel for Debtor submitted the issue relevant to the Trustee's Objection to Claim of Exemption without evidence or submission of any memorandum in support of their respective positions. The facts relevant to the resolution of the issue raised by the Trustee's Objection can be summarized as follows.

The Debtor filed his Petition for Relief under Chapter 7 on January 31, 2008. On the same date, the Debtor filed his original Schedule C and claimed his real property located at 204 Salem Ave., Port Charlotte, Florida 33952 (Salem Property) as exempt pursuant to Article X, Section 4(a)(1) of the Florida Constitution and Fla. Stat. Ann. Sections 222.01, 222.02, and 222.05. The Debtor in his Chapter 7 Debtor's Statement of Intention indicated that the Salem Property will be reaffirmed pursuant to Section 524(c) of the Bankruptcy Code.

On May 19, 2008, the Debtor received his Discharge. On May 21, 2008, the Trustee filed her Motion for Turnover (Doc. No.27). On May 27, 2008, the Debtor filed his Amendment to Debtor's Exemption—Schedule C and Statement of Intentions (Doc. No. 36). The Debtor's

Schedule C listed the Salem Property as exempt pursuant to Article X, Section 4(a)(1) of the Florida Constitution and Fla. Stat. Ann. Sections 222.01, 222.02, and 222.05. However, the Debtor's Statement of Intention indicated that the Salem Property will be surrendered. On May 28, 2008, one day after the Debtor filed his first amended Schedule C, he filed his second Amendment to Debtor's Exemption—Schedule C and Statement of Intentions (Doc. No. 39). On May 29, 2008, the Trustee filed her Amended Objection to Debtor's Claim of Exemption (Doc. No. 41) and on June 3, 2008, she filed her Second Amended Objection to Claim of Exemption (Doc. No. 49), which is the matter before this Court. The Debtor on June 11, 2008, in Response to Trustee's Objection to Claim of Exemptions (Doc. No. 53) indicated that he had amended his Claim of Exemption to exclude his homestead, the Salem Property, and, therefore, he was entitled to the personal property exemption of $5,000.00 pursuant to Section 222.25, Florida Statutes.

On June 24, 2006, three (3) days prior to the hearing on the Trustee's Objection, the Debtor filed his third amended Schedule C and entitled it Second Amendment to Schedule C (Doc. No. 56). The Debtor's Second Amended Schedule C eliminated the Salem Property as exempt under Art. X, Section 4 of the Florida Constitution. The Debtor now intends to surrender his homestead and claim his exemption pursuant to Section 222.25, Florida Statutes, "Other individual property of natural persons exempt from legal process."

According to the Trustee since the Debtor claimed the property involved as his exempt homestead initially, it is irrelevant that the Debtor has had a change of heart and has decided to surrender the same property. The Trustee asserts that the Debtor's claim under Section 222.25, Flori-

da Statutes, must be rejected and his personal property exemption is limited to the $1,000.00 fixed by Article X, Section 4 of the Florida Constitution.

In support of her position the Trustee cites several cases. Although they are somewhat different sets of facts the deal with the interpretation of the terms used in § 222.25, specifically "[t]he following property is exempt from . . . legal process: . . . (4)[a] debtor's interest in the personal property, not to exceed $4,000, if the debtor does not claim or receive the benefit of the homestead exemption under s.4, Art. X of the State Constitution".

In the case of *In re Hernandez*, 2008 WL 1711528 (Bankr.S.D.Fla.2008), the debtor listed personal property exemptions in excess of $5,000.00 and the trustee objected alleging that the Statutory Personal Property Exemption of § 222.25(4) was not applicable to the debtor because he listed his home as exempt as tenants by the entireties (TBE) property. Alternatively, the trustee argued that because the non-debtor spouse did not waive her right to assert her constitutional exemption the debtor continued "receiving the benefits" of the homestead and, thus, disqualifies him even if he didn't "claim" the homestead as an exemption on his schedules.

The *Hernandez* court rejected the trustee's first argument because nothing in the statute precludes a debtor from exempting TBE property and the Statutory Personal Property Exemption at the same time, but took the second issue under consideration. The trustee urged the court to adopt a bright line rule in which any debtor entitled to the constitutional protection on the filing date would be excluded form the Statutory Personal Property Exemption, unless the debtor is surrendering the house.

In *Hernandez* the court took a narrow view on the "receive the benefits" of exclu-

sion and interpreted it to mean the right of protection against execution efforts by outsiders against the home. The court also found that the relevant time for determining whether a debtor "receives a benefit" is the date that the petition is filed. The court noted that the "focus is solely on the exemptions which will affect creditors in the case." *Id.* at *5. Furthermore, the court emphasized that "the fact that the debtor could use the constitutional protection in the future is irrelevant." In conclusion, the court held that even though the debtor didn't "claim" the home as exempt he still "received the benefits" of the constitutional protection as of the petition date and, therefore, was precluded from using the Statutory Personal Property Exemption as well.

The Trustee also cites the case of *In re Gatto*, 380 B.R. 88 (Bankr.M.D.Fla.2007). The court in *Gatto* dealt with the Trustee's objections to Florida personal property exemption claimed by debtors in three separate Chapter 7 cases. The three debtors on the date of filing their petitions for relief were eligible to exempt the primary residence under Art. X Sec. 4 of the Florida Constitution. None of the debtors elected to claim their homesteads as exempt on their bankruptcy schedules. However, each debtor elected to surrender their home pursuant to Section 521(a)(2)(A) of the Bankruptcy Code. Each debtor did use the Statutory Personal Property Exemption provision of § 222.25 to stack that $4,000.00 on top of the constitutionally exempted $1,000.00. The trustee argued that the debtors received benefits of the homestead and were precluded from utilizing the Statutory Personal Property Exemption.

In determining whether the debtors here "received benefits" from the constitutional protection the *Gatto* court found, "it is only where a debtor does not claim the

benefit of shielding the homestead from creditors, as opposed to other non-creditor related homestead benefits, that the debtor may enjoy the Statutory Personal Property Exemption." 380 B.R. at 93. The court held that because none of the debtors had attempted to shield the equity in their homes from creditors and each intended to surrender their respective homestead, they did not "receive the benefits" afforded to them pursuant to Art. X, Section 4 of the Florida Constitution and, therefore, they were entitled to the Statutory Personal Property Exemption provided for by Section 222.25(4), Florida Statute.

In response to the Trustee's legal argument, counsel for the Debtor cites the case of *In re Morales,* 381 B.R. 917 (Bankr. S.D.Fla.2008). The debtor filed his petition for relief pursuant to Chapter 7 of the Bankruptcy Code August 8, 2007. The debtor listed one piece of property on his schedules, and listed $4,090.00 in exemptions, $3,090.00 of which was claimed pursuant to the Statutory Personal Property Exemption of Section 222.25(4), Florida Statutes. The debtor's original statement of intentions showed that he intended to reaffirm both mortgages on the real property. On October 15, 2007, the debtor amended his statement of intentions in which he inconsistently purported to surrender the property to the larger mortgage holder while at the same time reaffirm the mortgage with respect to the smaller holder. The trustee objected to the Statutory Personal Property Exemption arguing that the debtor still "received benefits" from owning the homestead. The court first found that the debtor, because of his ambiguous statement of intentions, failed to properly abandon the homestead. The court noted that the purpose of § 222.25(4) was to give a debtor who lacks the advantages associated with exempted a homestead some extra exemp-

tions and because of his contradictory actions with respect to the property, the *Morales* court held the debtor to be ineligible.

On January 8, 2008, the debtor in Morales again amended his statement of intentions this time showing that he intended to surrender the property. The debtor requested that the court reconsider its previous order because he had satisfied the elements necessary for Statutory Personal Property Exemption eligibility. The debtor noted that: 1) he had never listed the homestead as exempt on his schedules and 2) he had timely amended his statement to show his intent to surrender the property. The court held that the debtor had failed to meet the second requirement, that is, pursuant to Section 521(a)(2)(A) of the Bankruptcy Code, the debtor must file a statement of intention "within thirty days after the date of the filing of a petition … or on or before the date of the meeting of creditors, whichever is earlier." The court noted that the debtor filed his first statement of intentions timely and it did not indicate his intent to surrender the property. The third statement was the only one that indicated an unambiguous intent to surrender and it fell outside of the applicable time period and, therefore, the court sustained the trustee's objection.

Debtor's counsel further argues the case of *In re Magelitz,* 386 B.R. 879 (Bankr. N.D.Fla.2008). The debtor in this case filed relief under Chapter 7 of the Bankruptcy Code. The debtor's schedule A indicated his primary residence was worth $135,000.00. The same property was encumbered by secured claims in the amount of $149,079.00. The debtor did not claim his homestead as exempt in his schedule C and he elected to claim the $4,000.00 under Statutory Personal Property Exemption of Fla. Stat. 222.25(4). The debtor indicated that he would continue to retain the home,

which the parties agreed had zero equity. The trustee objected to the $4,000.00 exemption alleging that the debtor "received benefits" from the homestead and, therefore, he was ineligible. The court held that because the debtor would continue to live in the home, reside in it, and continue to make the monthly payments, it would retain homestead status under Florida law, and the debtor would thus receive the constitutional protection contemplated in Section 222.25(4), Florida Statutes. The court noted that even if the home were to accumulate equity, creditors were prevented from executing against the debtor's homestead and, therefore, the debtor does receive the benefits of Florida's constitutional homestead exemption. In conclusion, the court noted that even though the debtor did not claim the property as exempt he failed to show his intent to abandon the property and, based on the same, the debtor could not utilize the $4,000.00 personal priority exemption pursuant to Section 222.25(4), Florida Statutes.

Both the Trustee and counsel for the Debtor cited the case of *In re Shoopman*, 2008 WL 817109 (Bankr.S.D.Fla.2008). The debtor in the *Shoopman* case filed his petition for relief on October 31, 2007. Pursuant to the Bankruptcy Code the debtor filed his statement of intentions indicating his intent to reaffirm the debt on his homestead. The meeting of creditors was held on December 11, 2007. The trustee filed his motion objecting to the debtor claiming $4,000.00 pursuant to the Statutory Personal Property Exemption of Fla. Stat. 222.25(4) on January 17, 2008. On February 1, 2008, the debtor changed his mind and filed an amended statement in which he indicated his desire to surrender his homestead. The court recognized the bright line test for Statutory Personal Property Exemption of Fla. Stat. 222.25(4), eligibility namely that the debtor may claim it if he neither claims the constitu-

tional homestead exception nor does he otherwise receive constitutional benefits from the homestead. The court rejected the trustee's first argument that he received benefits because he continued to occupy the property because the benefits contemplated in the statute were those derived from the constitutional homestead exemption and not those merely incidental to owning a home. The court rejected the second argument that benefits do not stop until the debtor abandons or the property is administered because mere occupancy of the home while under the administration of the trustee does not confer any constitutional protection on the debtor. In addition the court found that intent to reaffirm or to surrender reflected in the statement of intentions in and of itself is irrelevant for determining whether the debtor is actually receiving benefits of the homestead exemption. Because there was no affirmative claim of homestead exemption and because the debtor did not receive the benefits of the constitutional protection the court held him to be eligible for the Statutory Personal Property Exemption of Section 222.25(4), Florida Statutes.

■ This Court is satisfied that none of the authority cited by the parties really controls the issue before this Court. The fact patterns in the cases cited by the Trustee, and by counsel for the Debtor, are not akin or similar to the facts presented in the Debtor's case. The record of this Chapter 7 case currently before this Court leaves no doubt that on January 31, 2008, when the Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code, he scheduled the Salem Property as his homestead. The Debtor claimed the Salem Property as exempt from the administration by the Trustee pursuant to Article X, Section 4(a)(1) of the Florida Constitution and Fla. Stat. Ann. Sections 222.01, 222.02, and 222.05. The Debtor in

his Chapter 7 Debtor's Statement of Intention indicated that the Salem Property would be reaffirmed pursuant to Section 524(c) of the Bankruptcy Code.

On May 19, 2008, the Debtor received his Discharge. It was not until the Trustee filed her Motion for the Debtor to turnover the excess property of the estate above the $1,000.00 personal exemption did the Debtor file his Amended Schedule C. On May 27, 2008, the Debtor filed his Amended Schedule C, again claiming the Salem Property as exempt, but his Statement of intention indicated that he would surrender the property.

■ Based on *Gatto*, this Court is satisfied that the controlling time to determine the issue of whether or not the Debtor is entitled to the benefit of the newly enacted Section 222.25(4), Florida Statutes, is the original date the Debtor filed his Schedule C attached to his Petition for Relief. Thus, the controlling date is the Petition Date in which the Debtor claimed the Salem Property as his homestead on his Schedule C which also indicated the Debtor's intention was to reaffirm the obligation. Therefore, this Court is satisfied that the Debtor did "receive the benefits" of the constitutional exemption and, conse-

quently, he is not entitled to claim the enhanced statutory exemption for personal property provided for under Section 222.25(4), Florida Statutes.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion for Turnover (Doc. No. 30) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor is directed to turnover to the Trustee, either the property of his selection which is in excess of the $1,000.00 personal property exemption or, in the alternative, redeem the same to the Trustee by paying the excess value within thirty (30) days from the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Claim of Exemption (Doc. No. 49) be, and the same is hereby, overruled as moot.