**In re Terrance Ermon ELLIS, Debtor.**

**No. 3:07–bk–04706–TBA.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 8, 2008.

Albert H. Mickler, Jacksonville, FL, for Debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon the Chapter 7 Trustee's Objection to Debtor's Claim of Exemptions as to personal property under Florida Statute § 222.25(4). After a hearing held on June 4, 2008, the Court issues the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On October 19, 2007, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). (Tr.'s Ex. 1).

2. On Debtor's original Schedule C filed with the Bankruptcy Court, Debtor claimed as exempt, (i) pursuant to Fla. Const., Art. X § 4(a)(1), real property located at 11626 Jonathan Road, Jacksonville, Florida (the "Real Property"); and (ii) tangible personal property pursuant to Fla. Const., Art. X, § 4(a)(2), which he stated had a value of less than $1,000. (Tr.'s Ex. 2).[1]

3. On Schedule A, Debtor listed the current value of his interest in the Real Property as $296,282. (Tr.'s Ex. 2).

4. On Schedule D, Debtor listed a first mortgage on the Real Property in favor of GMAC Mortgage. Debtor listed the amount of GMAC's claim at zero. Debtor also listed a second mortgage in favor of Mercantile Bank in the amount of $133,028.11. (Tr.'s Ex. 2).

5. Debtor's Statement of Intention reflects that the mortgage debts owed to GMAC and Mercantile would be reaffirmed pursuant to 11 U.S.C. § 524(c). (Tr.'s Ex. 2).

6. Debtor testified at the hearing that at the time he filed his bankruptcy petition, he intended to continue to live at the Real Property.

7. On October 31, 2007, GMAC filed a motion for relief from the automatic stay to enforce its mortgage on the Real Property. On December 13, 2007, this Court entered an order granting the motion. (D's Ex. 5). GMAC subsequently filed a foreclosure action and a hearing on GMAC's motion for summary final judgment of foreclosure was set for June 9, 2008. (D's Ex. 6).

8. The meeting of creditors in Debtor's bankruptcy case was concluded on December 7, 2007. (Tr.'s Ex. 3). On December 19, 2007, the Trustee filed objections to Debtor's claim of exemptions in regards to bank deposits, tangible personal property and a mortgage. (Tr.'s Ex. 4). The Trustee did not object to the Debtor's claim of homestead exemption in the Real Property.

9. On February 27, 2008, Debtor filed an amendment to his Schedule C; (i) deleting his claim of exemption in the Real Property pursuant to the Florida Constitution and claiming such Real Property as exempt as tenants by the entireties with his non-filing spouse; and (ii) claiming all personal property as exempt pursuant to Fla. Const. Art. X § 4(a)(2) and Fla. Stat. § 222.25(4). (Tr.'s Ex. 5). On March 3, 2008, the Trustee filed an objection to

---

1. Debtor also claimed as exempt pursuant to 11 U.S.C. § 522(b)(3)(B) a mortgage receivable of $75,000. (Tr.'s Ex. 2). Debtor subse-quently filed a notice deleting the mortgage receivable from his Schedule C and testified that he is no longer claiming it as exempt.

Debtor's amended claim of exemptions. On April 7, 2008, Debtor's counsel filed a motion to withdraw Debtor's amended claim of exemptions upon the basis that he needed documents to be executed by the Debtor and the Debtor had failed to communicate with him. (Tr.'s Ex. 6). On May 7, 2008, Debtor filed a waiver of his homestead exemption benefit allowable under § 4, Art. X, of the Florida Constitution. (D's Ex. 3). Debtor's non-filing spouse however did not waive her homestead right. On May 31, 2008, three days before the Hearing, Debtor filed a notice canceling and withdrawing his notice of withdrawal of his amended claim of exemptions.

10. The appraiser hired by the Trustee values the Debtor's interest in the tangible personal property at a total of $10,105.50. (Tr.'s Ex. 7).

## CONCLUSIONS OF LAW

■ The Florida legislature recently enacted Florida Statute § 222.25(4), for the purpose of providing debtors who do not directly or indirectly receive the benefit of the constitutional homestead exemption, with an additional $4,000 personal property exemption. Specifically, Fla. Stat. § 222.25(4) provides: The following property is exempt from attachment, garnishment or other legal process:

(4) A debtors interest in personal property, not to exceed $4,000.00 if the debtor does not claim or receive the benefit of a homestead exemption under § 4, Article X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support. Fla. Stat. § 222.25(4).

As the Court will discuss below, there have been various interpretations as to how the new enhanced personal property exemption should be applied. Prior to dis-cussing what other courts have held, the Court will first look to a case it recently decided in regards to this issue. *In re Wims,* Ch. 13 Case No. 07–4637 (M.D.Fla. May 20, 2008). In *Wims,* the issue before the Court was whether the debtors, after converting their case from Chapter 13 to Chapter 7, could claim the enhanced personal property exemption upon the basis that they had agreed to surrender their home. *Id.* In reaching its decision to sustain the trustee's objection, this Court focused upon the fact that the debtors had claimed the homestead exemption on the date their petition was filed. *Id.* Specifically, the Court stated that when examining whether a debtor may utilize § 222.25(4), it would consider; (1) whether the debtor claimed the benefit of the homestead exemption or (2) whether the debtor receives the benefit of the homestead exemption. *Id.* The court also noted that the term "receive" is in the present tense and that a debtor who does not affirmatively claim the homestead exemption must not be able to indirectly receive its benefits in addition to taking advantage of the Statutory Personal Property Exemption. *Id.*

Several other courts have interpreted § 222.25(4) since it was enacted in 2007. In the case of *In re Gatto,* 380 B.R. 88, 90 (Bankr.M.D.Fla.2007), the court considered three cases that shared common factual circumstances. *Id.* at 90. The debtors in *Gatto* resided in their homes, as of the petition date, and did not claim their homes as exempt in their schedules. *Id.* Further, on their respective Statement of Intentions, the debtors timely stated they would surrender their home pursuant to § 521(a)(2)(A). *Id.* at 90–91. The court in *Gatto* held that since the debtors did not claim their homes exempt pursuant to the Florida Constitution and stated their intention to surrender their home, they did not receive the benefits of the Constitutional homestead exemption and therefore were entitled to the enhanced personal

property exemption pursuant to § 222.25(4). *Id.* at 93. Specifically, the court stated, "it is only where a debtor does not claim the benefit of shielding the homestead from creditors, as opposed to other non-creditor related homestead benefits, that the debtor may enjoy the Statutory Personal Property Exemption." *Id.*

In *In re Franzese,* 383 B.R. 197, 201 (Bankr.M.D.Fla.2008), the debtor claimed his home as exempt as tenancy by the entireties with his non-filing spouse rather than as homestead pursuant to the Florida Constitution. Although the debtor indicated on his Statement of Intention that he would reaffirm the mortgage debt on his home, he never executed or filed a reaffirmation agreement. *Id.* The court in *Franzese* stated that under Florida law homeowners seeking to qualify for the homestead exemption must actually use and occupy the home as well as express an actual intent to live permanently in the home. *Id.* at 203. The court also reasoned that the eligibility of a debtor to exempt property is fixed at the time the bankruptcy petition is filed and that post-filing changes in the debtor's status, are immaterial to the consideration of whether property retains its exempt status. *Id.* at 203. In reaching its holding that both elements needed to establish homestead status were satisfied, the court held that, "[i]f on the day a bankruptcy petition is filed, a debtor owns a home, lives in a home, and plans to reside in the home in the future, the debtor cannot claim the Statutory Personal Property Exemption." *Id.* at 205. The court also examined the legislative history to § 222.25(4) and found that it supports the conclusion that homeowners who do, or could, claim constitutional homestead protection are not entitled to the § 222.25(4) exemption. *Id.* at 207.

In *In re Morales,* 381 B.R. 917, 919 (Bankr.S.D.Fla.2008), the debtor stated on his original Statement of Intention that he would reaffirm the mortgages on his home. The debtor then amended his Statement of Intention to state that he would not reaffirm the debt to the larger of the two mortgage holders, but would reaffirm the debt owed to the smaller mortgage holder. *Id.* Based upon these facts, the court was unable to find a clear and unambiguous intent to abandon the home and accordingly sustained the trustee's objection to exemptions. *Id.* at 920–921. Subsequent to the court sustaining the trustee's objection the debtor filed a motion for rehearing. *Id.* at 921. In denying the motion for rehearing, the court looked to the decision issued by the court in *Gatto* and held that a debtor may claim the § 222.25(4) exemption when the debtor: (1) does not claim the property as exempt and (2) properly and timely files a statement of intention showing a clear and unambiguous intent to surrender the property. *Id.* at 923.

In *In re Magelitz,* 386 B.R. 879, 880–881 (Bankr.N.D.Fla.2008), the debtor chose to claim $4,000 worth of personal property as exempt pursuant to § 222.25(4) instead of the home he was living in as of the date his petition was filed. The debtor also did not indicate on his Statement of Intention whether the home would be surrendered, reaffirmed or redeemed. *Id.* Rather, the debtor stated that he would retain the home and continue to make the regular payments on it. *Id.* In sustaining the trustee's objection, the court stated that it agreed with reasoning in *Morales, Gatto* and *Franzese,* and held that in order to utilize § 222.25(4), a debtor with an interest in a homestead on the petition date must (1) not claim the property as exempt, and (2) timely and properly show a clear and unambiguous intent to abandon the property. *Id.* at 884. Specifically, the Court stated that, "neither the debtor's failure to claim the home as exempt or the trustee's decision to abandon it alters the property's homestead status under the

law." *Id.* at 883–84. The court also reasoned that, "[i]f the debtor retains possession of the homestead while also claiming the additional wildcard personal property exemption, he would be able to shield the home from creditors under Art. X, § 4, Fla. Const. and protect additional personal property under Fla. Stat. § 222.25(4)." *Id.* The court concluded that it was not the intent of the Florida Legislature to allow a debtor to keep a home and also receive the enhanced personal property exemption. *Id.*

A contrary point of view to the line of cases discussed above was expressed in the case of *In re Shoopman*, 2008 WL 817109, *1 (Bankr.S.D.Fla. March 25, 2008). In *Shoopman*, the debtor stated in his original Statement of Intention that he would reaffirm two mortgages on his home, and the trustee subsequently objected to his claim of exemption under § 222.25(4). *Id.* at *1. The debtor then amended his Statement of Intention to state that he would surrender his home. *Id.* In reaching its decision to overrule the Trustee's objection, the court disagreed with *Morales* and *Gatto*, and rejected the position that a debtor is required to timely state his position in regards to surrendering his residence in order to claim the enhanced personal property exemption. *Id.* at *3. The court held that a debtor should be allowed to claim the exemption "if the debtor does not claim the constitutional homestead exemption or does not otherwise receive its benefits." *Id.* The court also noted that the debtor did not have a wife to claim the homestead exemption and that there was no other circumstance that indirectly bestowed the benefits of the homestead exemption upon him. *Id.* at *2.

The court in *In re Hernandez*, 2008 WL 1711528, *1 (Bankr.S.D.Fla. April 10, 2008), was presented with a situation in which the debtor claimed his house exempt as tenancy by the entireties and not as homestead. In reaching its decision, the court disagreed with the *Franzese* court's broad interpretation of "receive the benefits" and adopted the reasoning and holding in *Gatto*. *Id.* at *3–4. Specifically, the court noted that the key inquiry for the *Gatto* court was whether the debtor received the benefits of the homestead exemption, with respect to shielding the property from the reach of creditors, as of the petition date. *Id.* at *3. However, the Court still sustained the trustee's objection. The court reasoned that since the house was claimed exempt as tenancy by the entireties, that the debtor was still receiving the benefits of the homestead exemption, since the debtor's spouse had the right, on the petition date, to assert the homestead exemption. *Id.* at *4–5.

In *In re Martias*, 2008 WL 906776, *1 (Bankr.S.D.Fla.), the debtor claimed her home as exempt pursuant to the Florida Constitution and on her original Statement of Intention stated that she would reaffirm the mortgage on her homestead. Prior to the conclusion of the meeting of creditors, debtor amended her Schedule C to remove the claim of homestead exemption and claim a tax refund as exempt pursuant to § 222.25(4).[2] *Id.* Debtor also subsequently filed an amended Statement of Intention indicating that she intended to surrender her home. *Id.* The trustee objected to the debtor's claim of exemption under § 222.25(4) on the grounds that the debtor initially claimed the real property exempt as homestead. *Id.* at *2. The Court overruled the objection and found that the debtor properly amended her schedules pursuant to Rule 1009(a), Federal Rules of Bankruptcy Procedure. *Id.* The court also

2. The Court notes that *Martias* is distinguishable from the instant case as the debtor in

*Martias* amended her schedule C *prior* to the meeting of creditors.

noted that because the debtor was unmarried the tenancy by entireties issues raised in *Franzese* were not implicated. *Id.* at *2.

 Although Debtor maintains that the Court should follow the approach utilized in either *Shoopman* or *Martias,* instead of *Morales, Gatto, Franzese* and *Hernandez,* this Court already adopted factors it would consider in regards to this issue in *Wims.* Accordingly, the Court will look to whether the Debtor (1) claimed the real property as exempt or (2) receives the benefit of the homestead exemption. The Court will also look at whether the Debtor timely and properly showed a clear and unambiguous intent to abandon the property.

 First, Debtor's Statement of Intention reflects that the mortgage debts owed to GMAC would be reaffirmed. Additionally, Debtor testified at the hearing that at the time his petition was filed he intended to continue to live in the home. Further, when Debtor filed an amendment to Schedule C, which deleted his claim as to the homestead exemption, he also added the claim that the Real Property was exempt as tenants by the entireties with his non-filing spouse. As the court in *Hernandez* recognized, "a debtor who owns a homestead as tenants by the entireties with his non-debtor spouse receives the benefits of the constitutional homestead exemption because of the spouse's ability to assert the constitutional exemption." *Hernandez,* 2008 WL 1711528 at *4–5. Accordingly, the Court finds that the Debtor has "received" the benefit of the homestead exemption. It is also important to note that it was not until May 7, 2008, that Debtor filed a waiver of his homestead exemption. Thus, not only did the Debtor originally claim the property as exempt, he also failed to *timely* and properly show a clear and unambiguous intent to abandon the property. Based upon the facts and circumstances presented, the Debtor is not entitled to claim the additional personal property exemption of § 222.25(4).[3]

### CONCLUSION

Based upon the above, the Court will sustain the Trustee's Objections to Debtor's Claim of Exemptions. Debtor shall designate $1,000 of exempt personal property pursuant to the Florida Constitution, Art. X, § 4(a)(2), and shall utilize the values set forth in the appraisal. (Tr.'s Ex. 8). The Court will enter a separate order that is consistent with these Findings of Fact and Conclusions of Law.

---

3. Debtor argues that the decision issued by this Court in *Wims* is distinguishable, since the debtors in *Wims* had previously filed a Chapter 13 and had used the Constitutional homestead exemption to protect their home during the course of the Chapter 13 case. Although, the facts in *Wims* are distinguishable, the factors set forth by the Court are applicable in the instant case.