**In re Ann F. PATTON, Debtor.**

**No. 3:08-930.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 20, 2008.

under a qualified State tuition plan as defined in 26 U.S.C. Section 529(b)(1)."

Robert D. Wilcox, Wilcox Law Firm, Jacksonville, FL, for Debtor.

## *ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS*

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court upon the Chapter 7 Trustee's Objection to Debtor's Claim of Exemptions as to personal property under Florida Statute § 222.25(4). At the hearing held on July 9, 2008, the Court advised the parties that it would take the matter under advisement and issue an order in due course.

On August 8, 2008, the Court entered Findings of Fact and Conclusions of Law in regards to the eligibility of a debtor to receive the enhanced personal property exemption pursuant to § 222.25(4). *In re Ellis*, 395 B.R. 751, 2008 WL 4542883 (Bankr.M.D.Fla.2008). Accordingly, the Court will apply the factors set forth in *Ellis* to the instant case. In *Ellis*, the Court stated that it would consider whether a debtor (1) claimed the real property as exempt, (2) receives the benefit of the homestead exemption or (3) timely and properly showed a clear and unambiguous intent to abandon the property. In the instant case, Debtor never claimed the real property as exempt and filed a statement of intentions that stated her intent to surrender the property. Debtor also never changed or amended her schedules to reflect otherwise. Accordingly, the Court does not find that she has received the benefit of the homestead exemption. Based upon these facts, the Court finds that the Debtor is entitled to claim the enhanced personal property exemption of § 222.25(4). It is,

ORDERED:

1. The Trustee's Objection to Exemptions is Overruled.

2. Debtor is entitled to the enhanced personal property exemption under Florida Statute § 222.25(4) and shall designate $4,000.00 of exempt personal property.