**Les OSBORNE, Chapter 7 Trustee, Trustee/Appellant,**

**v.**

**Gerald SMITH, Debtor/Appellee.**

**No. 08–61415–CIV.**

United States District Court, S.D. Florida, Miami Division.

Dec. 5, 2008.

Leslie S. Osborne, Boca Raton, FL, for Appellant.

Patrick S. Scott, Fort Lauderdale, FL, for Appellee.

## ORDER AFFIRMING BANKRUPTCY COURT'S JUDGMENT AND CLOSING CASE

ADALBERTO JORDAN, District Judge.

This bankruptcy appeal involves the interpretation of Fla. Stat. § 222.25(4), a statute dealing with personal property exemptions. For the reasons which follow, the bankruptcy court's judgment denying the trustee's objection is affirmed. The trustee's motion for oral argument [D.E. 4-2] is denied.

## I. BACKGROUND & FACTS

The relevant facts were stipulated to below by the parties. In summary, they are as follows.

The debtor, Mr. Smith, filed a voluntary bankruptcy petition in November of 2007. His initial schedules listed a parcel of real property located at 1217 S.W. 2nd Terrace, Pompano Beach, Florida, with a total value of $325,000 and total liens of $811,403.15. In his statement of intention filed with the petition, Mr. Smith declared an intention to surrender the property, which was jointly owned by Mr. Smith and his wife and was used as the couple's principal and permanent residence. In April of 2008, Mr. Smith amended his Schedule D to correct the amount of 2007 real estate taxes from $405,401.70 to $1,604.76.

The first meeting of creditors was held in December of 2007. Mr. Smith had originally claimed an exemption for his interest in the property under 11 U.S.C. § 522(b)(3)(B), as a tenancy by the entireties. In April of 2008, however, Mr. Smith filed an amendment to Schedule C to delete this claim of exemption for the property. Mr. Smith never claimed an exemption for the property under Fla. Const. Art. X, § 4 (the homestead provision of Florida's Constitution) in his bankruptcy schedules.

Mrs. Smith is not the subject of a bankruptcy proceeding, and there is no evidence that she has ever asserted any homestead rights under Fla. Const. Art. X, § 4, with respect to the property. Mrs. Smith is jointly liable with Mr. Smith on the real estate taxes and on two promissory notes held by Countrywide which are fully secured by mortgages on the property. Mr. and Mrs. Smith are not jointly liable on any other debts.

In December of 2007, Countrywide filed a motion seeking relief from the automatic bankruptcy stay to foreclose its mortgages against the property. Mr. Smith did not oppose this motion, and the bankruptcy court issued an order granting Countrywide relief from the stay in January of 2008. Mr. and Mrs. Smith vacated the property in March of 2008.

Mr. Smith asserted an exemption from his bankruptcy estate under Fla. Stat. § 222.25(4) for $4,000 in equity in a 2002 Chevrolet automobile that he owns.

The bankruptcy court granted Mr. Smith his discharge in February of 2008. No debts were found to be non-dischargeable.

The trustee filed an objection to Mr. Smith's claimed $4,000 exemption under § 222.25(4). The bankruptcy court, in a 6–

page order, overruled the trustee's objection. This appeal followed.

## II. DISCUSSION

█ The bankruptcy court's findings of fact are subject only to clear error review on appeal, but its interpretation and application of Fla. Stat. § 222.25(4) is subject to de novo review. *See In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990). The only issue here is the bankruptcy court's interpretation and application of a statute, so review is plenary.

The Florida Legislature amended § 222.25(4) in July of 2007 to increase certain personal property exemptions. This provision currently exempts "[t]he debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under Section 4, Article X, of the State Constitution." The bankruptcy court, relying on *In re Gatto*, 380 B.R. 88, 93–95 (Bankr.M.D.Fla.2007), and *In re Morales*, 381 B.R. 917, 923 (Bankr.S.D.Fla.2008), ruled that Mr. Smith was entitled to claim the $4,000 exemption. First, Mr. Smith had executed a timely statement of intent to surrender the property, and that was sufficient to show that he had a clear and unambiguous intent to abandon any interest in the property. Second, Mr. Smith had not claimed the property as exempt under Fla. Const. Art. X, § 4, and the claimed exemption for a tenancy by the entireties was deleted (with the amendment relating back to the date of filing). Third, Mr. Smith had actually moved out of the property. Fourth, Mr. Smith had not received any benefits of homestead protection within the meaning of § 222.25(4), and any homestead protection held by Mrs. Smith could not be imputed to Mr. Smith because Mr. Smith ultimately never held on to his tenancy by the entireties exemption. Fifth, given that Mr. and Mrs. Smith physically abandoned the property, the concerns articulated in cases like *In re Hernandez*, 2008 WL 1711528, *3 (Bankr.S.D.Fla.2008) (where the non-debtor spouse retained her right to claim homestead), were simply not present.

█ The trustee first argues that a debtor "receives the benefits" of a homestead exemption, within the meaning of § 222.25(4), if at any time the debtor owned homestead property. *See* Trustee's Brief at 8–9. I disagree. Although the trustee's position finds support in some Florida bankruptcy decisions, *see, e.g., In re Franzese*, 383 B.R. 197, 205 (Bankr.M.D.Fla.2008), I believe that the better (and narrower) view of the statute is expressed by *In re Gatto*, 380 B.R. at 90–91. As persuasively explained by Judge Mark in *In re Hernandez*, a decision which agreed with In re Gatto:

> If the legislature meant to exclude from the statutory personal property exemption all homeowners who owned homes on the petition date which met the constitutional definition of homestead, the statute could have plainly and easily been written to exclude all individuals owning homes *eligible* for the constitutional exemption. That, of course, is not what the statute says. Rather, it excludes only those who *receive the benefits* of the constitutional exemption.

> In this court's view, the "receive the benefits of" exclusion must be interpreted in the context of protection from efforts to execute against the home. After all, that is what the constitutional provision is—protection of the home from forced sale or other execution efforts. Thus, the exclusion only applies to those who receive the benefits of the constitutional protection in resisting execution efforts by creditors outside bankruptcy or efforts to administer the prop-

erty by a trustee within a bankruptcy case.

2008 WL 1711528, at *3. *See also id.* at *5 ("the time to determine whether the debtor 'receives a benefit' is the petition date"). *Accord In re Shoopman,* 2008 WL 817109, *2 (Bankr.S.D.Fla.2008) (agreeing with *In re Gatto* ),

■ The trustee also argues that Mr. Smith initially listed the property as exempt under a tenancy by the entireties, and that he sought to keep his home and stay in it as long as possible without paying the mortgage. Again, the trustee's position finds some support in some Florida bankruptcy cases. *See, e.g., In re Magelitz,* 386 B.R. 879, 884 (Bankr.N.D.Fla. 2008) ("in order for a debtor who has an interest in homestead to claim the $4,000 personal property exemption under Fla. Stat. § 222.25(4), the debtor must not (1) claim the property as exempt, and (2) timely and properly show a clear and unambiguous intent to abandon the property"); *In re Morales,* 381 B.R. 917, 922 (Bankr.S.D.Fla.2008) (failure to meet either criteria is fatal). But those are not the only facts. Mr. Smith indicated his intention to surrender the property early on and never changed this intention, deleted his claimed exemption under a tenancy by the entireties, did not oppose Countrywide's motion for relief from the bankruptcy stay, and moved out of the property. Under these circumstances, Mr. Smith was not barred from the $4,000 personal property exemption. Furthermore, by moving out of the property with Mr. Smith, and by not contesting the foreclosure, Mrs. Smith essentially waived her right to homestead protection. There is no evidence, moreover, that Mrs. Smith ever invoked homestead protection. *See In re Hernandez,* 2008 WL 1711528, at * 6 ("If, in response to the trustee's objection, the debtor's nondebtor spouse had affirmatively waived her right to assert the constitutional protection in this case, the objection would have been overruled. Under those facts, the constitutional exemption would have provided no protection to the debtor with respect to creditors in this case and therefore no 'benefits' which would have precluded him from utilizing the statutory personal property exemption."); *In re Shoopman,* 2008 WL 817109, *3 ("Reaffirmation of debt [for the homestead property] standing alone is not equivalent to receiving the benefits derived from the constitutional homestead exemption."). Finally, this is not an extreme case like *In re Guididas,* 393 B.R. 251, 2008 WL 3873823, *5 (Bankr.N.D.Fla. 2008), where the debtor listed the property as exempt homestead on his schedule, simultaneously indicated an intent to reaffirm the debt, received a discharge, and filed an amended schedule only when the trustee, post-discharge, filed a motion for turnover.

■ The legislative history cited by the trustee—a release on the website of the Bankruptcy/UCC Committee of the Business Law Section of the Florida Bar and a Florida Senate staff analysis, *see* Trustee's Brief at 14–15—is not dispositive. Legislative history cannot be used to contradict plain statutory language. As Judge Mark explained in *In re Hernandez,* the Florida Legislature easily could have drafted a provision which denied the $4,000 personal property exemption to anyone who merely owned homestead property. It did not, however, do so.

### III. CONCLUSION

The bankruptcy court's judgment is affirmed. This case is closed.